# RAYMOND V. LAMBERSON v. JAMES A. WHITCOMB.[1]

October 27, 1911.

Nos. 17,278—(53).

**Defective sidewalk — verdict sustained by evidence.**

In an action to recover for personal injuries caused by an alleged defective sidewalk constructed and maintained by defendant in front of his premises under permission of the city council, it is *held* that the verdict is supported by sufficient competent evidence and that the damages awarded by the jury are not excessive.

Action in the district court for Ramsey county against the city of St. Paul and James A. Whitcomb to recover $5,150 for personal injuries. The answer alleged that if plaintiff was injured it was through his own carelessness and through conditions of climate and season over which defendant had no control. The reply was a general denial. When plaintiff rested at the trial, the motion of defendant city to dismiss the action as to it was granted. The case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $1,000. From an order denying the defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Deutsch, Allen & Breding* and *Sol Fligelman,* for appellant.
*Wondra & Helm* and *J. W. Pinch,* for respondent.

BROWN, J.

Action to recover for personal injuries suffered by plaintiff from a defective sidewalk in front of the place of business of defendant Whitcomb, in which plaintiff had a verdict, and defendant Whitcomb appealed from an order denying a new trial.

The evidence justified the jury in finding that the sidewalk, alleged to have been in a defective condition and the cause of plaintiff's injuries, was laid by defendant Whitcomb in front of his prem-

[1]Reported in 132 N. W. 991.

ises with the consent of the city, and that he was under obligation to keep and maintain the same in safe condition for use. On this theory the action was dismissed as to defendant city, of which order no complaint is made. The evidence further tends to show that the walk was defective and out of repair, in consequence of which plaintiff was caused to fall, resulting in a broken arm, and, it is claimed, a dislocated shoulder. The jury awarded a verdict of $1,000. The only questions presented on this appeal are: (1) Whether the sidewalk was defective and out of repair, and the cause of plaintiff's injury; and (2) whether the damages awarded by the jury are excessive. We have examined the record with care, and find therein evidence sufficient to justify the verdict upon all elements essential to plaintiff's right of action. We also conclude that the verdict is not excessive. A discussion of the evidence would serve no useful purpose.

Order affirmed.