FRIEDA FRANK, Respondent, *v.* VICTOR MULLER, Appellant.

First Department, April 7, 1922.

Negligence — action for injuries suffered in falling on sidewalk in front of defendant's premises — plaintiff slipped on banana peel — defendant not liable on theory of failure to keep walk clean — conflict in evidence whether banana peel thrown on walk by tenant or by janitress — as accident might have been caused either by act of tenant or janitress defendant is not liable — evidence — error to admit evidence that assistant of janitress was drunk.

The plaintiff cannot recover for injuries received in falling on the sidewalk in front of defendant's premises, the fall being caused by slipping on a banana peel, on the theory that the defendant failed to keep the walk clean in front of his premises.

There was a conflict in the evidence as to whether the banana peel on which the plaintiff slipped was thrown on the sidewalk by tenants of the building or was left by the janitress in removing ashes from the house, but there was no positive evidence that the banana peel fell from the barrels of ashes removed by the janitress.

*Held,* that, therefore, plaintiff should be denied a recovery, under the rule that, if an accident happens from one of two causes for one of which a defendant is not liable, the plaintiff cannot recover.

It was error for the court to permit the plaintiff to show that the assistant to the janitress was drunk at the time the barrels of ashes were removed from the premises, for such evidence is not competent upon the question as to the negligence of the janitress.

APPEAL by the defendant, Victor Muller, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of October, 1921, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 25th day of October, 1921, denying defendant's motion for a new trial made upon the minutes.

*Phillips, Jaffe & Jaffe [D. D. Walton* of counsel; *Moses Jaffe* with him on the brief], for the appellant.

*Newman & Joseph [Julius F. Newman* of counsel], for the respondent.

SMITH, J.:

The defendant was the owner of a tenement house. The plaintiff was walking along the sidewalk in front of the house and slipped on a banana peel, which resulted in her injuries. The evidence is to the effect that in the evenings the tenants sit out on the front stoop of this tenement house and eat oranges and bananas and throw the peels out onto the walk. The plaintiff on the argument practically admitted that a failure to clean the walk did not render the defendant liable, but that the plaintiff's right of action was against the city, with the possible right of the city to recover over against the owner of the house in case of negligence. This has been

so held in a large number of cases both in the Court of Appeals and in this, department. In *City of Rochester* v. *Campbell* (123 N. Y. 405) the rule seems to be so held, and I think it may now be deemed to be established law in this State. The plaintiff, however, would distinguish this case by proof of the fact that upon the morning in question the janitress of the defendant took out some barrels from the basement, which contained ashes and garbage, and that these barrels were very full. The witness who swore to this, however, swore that he did not notice that any of this refuse or these ashes fell off from the barrels upon the sidewalk, so that there is no proof, but merely speculation, that this banana peel upon which the plaintiff slipped was there by any affirmative act of this janitress. An examination of the photographs would seem to indicate what was not brought out very clearly in the evidence, that the stairway to this basement from which these barrels were taken was at one side of the stoop, and the natural place for them to be deposited, to be taken up by the city, was directly upon the edge of the sidewalk directly in front of this basement entrance, while the plaintiff slipped upon a banana peel which was in front of the stoop. This stoop was a wide stoop, probably ten or fifteen feet in width, so that, even if a banana peel had slipped off from one of these barrels, the greater likelihood is that the plaintiff slipped upon a banana peel which had been thrown out by one of the tenants the night before. Moreover, the rule of. law as settled by the decisions is that, if an accident happened from one of two causes for either one of which the defendant is not liable, the plaintiff cannot recover. Without any proof that any banana peel slipped off from these barrels, the plaintiff's case would seem not to have been proven. But, if such proof had been made, the greater likelihood, inasmuch as she slipped upon a banana peel in front of the stoop, is that the slipping was caused by a banana peel thrown by these tenants rather than by any banana peel which came from these garbage barrels, so that the plaintiff has failed to establish her cause of action against the owner of the tenement house by her failure to prove that the act of negligence of the janitress was in fact the cause of the accident.

There are other questions in the case. It was clearly error to allow the plaintiff to show that the assistant to the janitress was drunk at the time. Such evidence is not competent evidence upon the fact of the negligent condition of the sidewalk through the affirmative act of the defendant's janitress. The objections to that evidence, however, were not properly stated in a number of cases where this fact was brought out. But that is immaterial

in view of the conclusion which I have reached upon the failure to establish the defendant's liability.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs to the appellant, and the complaint dismissed, with costs.