## MARTHA B. FORTMEYER v. NATIONAL BISCUIT COMPANY.[1]

December 1, 1911.

Nos. 17,286—(104).

**Joinder of defendants — case overruled.**

> *Held*, overruling Trowbridge v. Forepaugh, 14 Minn. 100 (133), that where several persons without any concert of action, but whose several acts of negligence concur in causing the plaintiff's injury, he may join them in an action for the recovery of damages therefor.

Action in the district court for Ramsey county against National Biscuit Company, J. T. McMillan Company and City of St. Paul to recover $1,690 for personal injuries. From an order, Brill, J., overruling the demurrer of defendant National Biscuit Company to the complaint, it appealed. Affirmed.

*Price Wickersham,* for appellant.

*Barton & Kay,* for respondent.

START, C. J.

Appeal by the defendant National Biscuit Company from an order of the district court of the county of Ramsey overruling its demurrer

1 Reported in 133 N. W. 461.

to the complaint upon the ground that several causes of action are improperly united therein. The allegations of the complaint, here material, are to the effect following:

The defendant McMillan Company is the owner of the premises described in the complaint, which front upon Eighth street, in the city of St. Paul. The defendant Biscuit Company is the lessee of the premises. The defendant city more than five years ago opened, graded, and paved the street in front of the property, and constructed a stone sidewalk along the south side of the street in front of the property, and opened it for public use and travel. More than five years ago the city authorized the owner of the property to construct an areaway in and under such sidewalk and make an opening therein, and the same was thereafter and more than five years ago so constructed, and has ever since been maintained and used by the defendant the Biscuit Company as the occupant and lessee of the premises. The opening so made in the sidewalk was covered by two iron shutters working upon hinges which extend about an inch above the level of the sidewalk and the shutters, and were during all the times mentioned dangerous obstructions in the sidewalk. The Biscuit Company has so been the lessee and occupant of the premises for more than five years, during which time it has so maintained and used the opening in the sidewalk and the shutters, including the hinges. All of the defendants knew of the dangerous condition of the hinges for a long time prior to the time when plaintiff received the injuries herein complained of. Each of the defendants at all times stated carelessly and negligently caused and permitted the hinges to be in the condition stated, and they negligently failed to make the same safe. The plaintiff, while walking along the sidewalk tripped, and stumbled over the hinges, and was thereby personally injured.

The contention of the appellant is that the complaint does not allege a joint tort and that this case is ruled by the case of Trowbridge v. Forepaugh, 14 Minn. 100, (133).

If the question presented by the demurrer be considered and determined on principle, disregarding mere verbal logic, and without reference to the case relied upon, we are of the opinion that there was in this case no misjoinder of causes of action. The plaintiff has only

one cause of action, which is for the recovery of damages by reason of the defect in the sidewalk. Each defendant owed a duty to the traveling public, including the plaintiff, to remove the nuisance in the sidewalk which caused her injury. Now, if the allegations of the complaint are true, then she may maintain her action against all of the defendants—against the city, because it authorized the creation of the unsafe condition of the sidewalk and negligently permitted such condition to continue; against the owner of the premises, because it created the unsafe condition, or nuisance, in the public street to be utilized in connection with the premises, and passed them on to its lessee in that condition; against the lessee, because it continued to maintain and use the opening in the sidewalk, with its defective shutters and unsafe condition, or, in other words, it is a continuer of the nuisance. Landru v. Lund, 38 Minn. 538, 38 N. W. 699; Ferman v. Lombard Investment Co. 56 Minn. 166, 57 N. W. 309; Isham v. Broderick, 89 Minn. 397, 95 N. W. 224. Why should the plaintiff, having but one cause of action and entitled to only one satisfaction of it, be compelled to proceed against the defendants separately, and bring three separate actions, instead of one, for the same cause of action?

It is urged that by joining them in the same action they might be embarrassed in making their defense, but by answering separately, as they have the right to do, the court can and will protect the rights of each. It has been urged by some courts that, if all the parties liable in a case like the one at bar are joined in the same action, their right of contribution will be lost. This claim is purely technical, for courts look at the substance of the transaction, not its form, and if in this case the defendants were sued separately, they would be entitled to contribution among themselves, the right would not be lost by their joinder in the same action. Mayberry v. Northern Pacific Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L.R.A.(N.S.) 675; 10 Am. & Eng. An. Cas. 754.

The joinder of all the parties in one action in such a case as this avoids a multiplicity of suits and conserves the orderly administration of justice. We can conceive of no sound reason why they should not be so joined. The fact that they did not, by their joint

act, conduce to the plaintiff's injury, which seems to have been the only basis for the decision in the case of Trowbridge v. Forepaugh, affords no substantial reason why they should not be joined in the same action upon a cause of action for which each is liable, for the several acts of negligence of the defendants concurred in causing the injury. We accordingly hold, overruling Trowbridge v. Forepaugh, that several causes of action are not improperly united in the complaint.

Order affirmed.