### POWER v. RODGERS & HAGERTY, Inc.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. APPEAL AND ERROR (§ 171*)—THEORY OF CASE.

Where it is definitely stated by plaintiff's attorney that the action was predicated upon the theory that defendant's structure was a nuisance, plaintiff's recovery must be upon that theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

2. MUNICIPAL CORPORATIONS (§ 809*) — ACT AUTHORIZED BY PUBLIC AUTHORITY.

Where a contractor had the legal right under his contract with the city to build a wooden sidewalk over an excavation, it was not a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

3. MUNICIPAL CORPORATIONS (§ 809*)—TORTS—DEFECT IN SIDEWALK.

Where a wooden sidewalk built by a city contractor over an excavation was not a nuisance, and was not shown to be dangerous or negligently maintained, the only ground upon which plaintiff, falling thereon, could recover, was the defective or negligent manner in which it was constructed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Ellen Power against Rodgers & Hagerty, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Frank V. Johnson, of New York City (Oliver R. Brant, of New York City, of counsel), for appellant.

Louis V. Ebert, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHITAKER, J.  The defendant was constructing a portion of the subway under contract with the city.  It had built a board sidewalk along one of the city streets.  Plaintiff, passing over it, slipped, fell, and was injured.  She brings this action for damages for her injuries.

[1] It is distinctly stated by the plaintiff's attorney, and urged by him, that the action is predicated upon the theory that defendant's structure was a nuisance, and plaintiff's recovery must depend upon that theory.  It is stipulated in the case:

"That the defendant, Rodgers & Hagerty, Incorporated, at the time mentioned in the complaint and prior thereto, had a valid contract with the city of New York, which gave them the right to excavate the streets and sidewalks of Mott avenue  *  *  *  for the purpose of building  *  *  *  the extension of the  *  *  *  subway; that said contract permitted the defendant to erect a temporary passageway in lieu of the easterly sidewalk  *  *  *  over which the public were required to go; and also that Mott avenue and 150th street, at the time mentioned in the complaint, were public highways, open to the public users, subject to the rights in said street acquired by the defendant under their contract."

[2] While the defendant has not raised the point, under this stipulation the defendant had the legal right to build the wooden sidewalk upon which plaintiff fell, and it is not therefore a nuisance.  Whatever the law sanctions is not a nuisance.  Uline v. N. Y. C., etc., R. R., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373.  So that, proceeding upon the theory which the plaintiff urges, the judgment must be reversed.

[3] The only ground upon which plaintiff could recover would be the defective or negligent manner in which the board walk was constructed.  The evidence does not disclose that it was defective or dangerous or negligently maintained.  The evidence in the case simply shows that plaintiff slipped and fell.  She gave no cause or reason for her fall, and no negligence on the part of defendant is shown.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.