LILLIAN S. BOECHER v. CITY OF ST. PAUL AND OTHERS.[1]

May 13, 1921.

No. 22,136.

**Snow and ice on sidewalk — liability of lot owner.**
    1. Lot owners are not liable to pedestrians for injuries caused by stumbling or slipping on accumulations of snow and ice which form from natural causes on the adjacent sidewalk.

[1]Reported in 182 N. W. 908.

**Same — liability of builder of temporary walk.**

2. Where a builder engaged in erecting a building is authorized by the city to occupy a portion of the adjacent street and to lay a temporary walk around the obstruction, his acts done under and within the authority granted are lawful, and he is not liable to a pedestrian for injuries caused by stumbling or slipping on an accumulation of snow and ice formed by natural causes on a temporary walk constructed under such authority.

Action in the district court for Ramsey county to recover $2,000 for injuries received from falling upon an icy walk. The separate answers alleged negligence on the part of plaintiff. The case was tried before Hanft, J., who at the close of the testimony denied the motions of the Union Depot Company, Morris, Shepard & Dougherty and George J. Grant Construction Company, for directed verdicts, and a jury which returned a verdict for $650. From an order granting the motion of defendants other than the city of St. Paul for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*Barrows, Stewart & Metcalf,* for respondents.

TAYLOR, C.

In February, 1919, Morris, Shepard & Dougherty and the George J. Grant Construction Company were engaged in constructing the headhouse of the St. Paul Union Railway Station under and pursuant to contracts with the St. Paul Union Depot Company. They procured a permit from the city of St. Paul to use a portion of Sibley street adjacent to the headhouse for a specified time in connection with the work. They were required by the permit to make and maintain "a clear walk four feet wide" around the portion of the street which they were permitted to occupy, and they made and maintained the prescribed walk. On the evening of February 27, 1919, plaintiff, while traveling along this walk, slipped or stumbled on a ridge or hummock of snow and ice formed by the feet of the pedestrians during and after a snowstorm, and sustained injuries for which she brought suit against the city, the depot company and the contractors. She recovered a verdict against the depot company and the contractors, but the court subsequently rendered judgment in their favor notwithstanding the verdict. She appealed.

The sole question presented is whether a property owner and his contractors, who have been granted by the city the right to occupy a portion of a street while engaged in building operations, and who have constructed a temporary sidewalk in the manner and of the character prescribed by the city around the portion of the street so occupied, are liable for injuries resulting to pedestrians from falls caused by stumbling or slipping on ridges or hummocks of snow and ice which form from natural causes on such temporary sidewalk.

Lot owners are not liable to pedestrians for injuries sustained in consequence of stumbling or slipping on ridges or hummocks of snow and ice which form from natural causes on the adjacent sidewalk. 13 R. C. L. 415, and cases there cited; Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444. They are not liable to pedestrians for injuries resulting from a defect or dangerous condition in the sidewalk, unless they created such defect or dangerous condition.

The depot company and its contractors clearly were not liable to plaintiff for the injuries in question, unless the fact that they had provided a temporary sidewalk to serve the public, while they occupied the original sidewalk, imposed upon them liabilities in respect to such temporary sidewalk which did not exist in respect to the original sidewalk. The law recognizes that, when buildings are being constructed in cities, it is sometimes necessary to occupy a portion of the adjacent street, and permits the builder to occupy so much thereof as may be necessary to enable him to carry on his operations. The city may control and regulate the extent and manner in which the street may be used for such purpose, and where the sidewalk is obstructed may require the builder to provide a temporary passageway for pedestrians. In the present case the contractors were rightfully occupying a portion of the street under authority from the city, and they had complied with the requirements of the city by laying a temporary sidewalk around the obstruction for the use of travelers. The occupation of the street and the laying of the walk, having been authorized by the city, were lawful. 13 R. C. L. 219.

We have not been cited to any case holding that under such circumstances the law imposes on a contractor or builder any other or greater responsibility in respect to such temporary passageways than it imposes

on an adjacent property owner in respect to a permanent sidewalk. On the contrary, it has been held that a builder or contractor, who makes such a temporary passageway reasonably safe for travelers, is not chargeable with liability for injuries because it may not be as safe or convenient as the permanent sidewalk. Nolan v. King, 97 N. Y. 565, 49 Am. Rep. 561. The depot company and the contractors, having acted under and within the authority granted by the city, were relieved from any charge that they had established a nuisance in the street, and were only liable for injuries which resulted from their own negligence. 3 Dillon, Mun. Corp. (5th ed.) § 1172; Power v. Rodgers & Hagerty, 16 App. Div. 194, 144 N. Y. Supp. 747. They were not liable for injuries caused by stumbling and falling on accumulations of snow and ice deposited on the temporary walk by the elements and thereafter trampled into ridges and irregularities by the feet of passing pedestrians.

Judgment affirmed.

BROWN, C. J. (dissenting).

The contractors made application to the city for permission to make use of a portion of the street and sidewalk in question for the deposit of material to be used in the building then under construction by them for the abutting lot owner. The application was granted, but on the express condition that they make and maintain a "clear walk four feet wide" around the obstruction thus created, and "save the city harmless from any and all suits, damages, costs and charges that may accrue from the applicant's use of said place." They accepted the privilege granted, with the conditions attached, and subsequently constructed the substitute walk and thereafter made use of the regular sidewalk with their building material. Ice and snow were negligently permitted to accumulate and remain upon the substitute walk to such an extent as to form ridges and unevenness rendering it unsafe for public use. That condition of the walk was the cause of the injury to plaintiff.

In my opinion the facts stated, which are not in dispute, made a case for recovery, and the trial court erred in directing judgment for defendant notwithstanding the verdict. The stipulation to "make and maintain" the substitute walk imposed upon the contractors the obligation to keep and maintain it in safe and suitable condition for public use.

5 Words & Phrases, 4277; 19 Am. & Eng. Enc. (2d ed.) 610 and cita-tions. The Guardians of the Poor v. The Justices, L. R. 10 Q. B. Div. 480. The case of Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. Rep. 23, is inapplicable to the facts here presented and not in point. The city of St. Paul by its charter is clothed with legislative power to prohibit the obstruction of streets and sidewalks in the manner here involved, and the right to prohibit includes and embraces the right of regulation and control. The contractors accepted the regulatory con-ditions imposed by the city and are bound thereby. The statement in the opinion that there is no liability in such cases for defects arising. from "natural causes" is a little vague and indefinite. Most defects in public sidewalks arise from natural causes, wear and tear and the like, but the defect here complained of was the result of negligence in the failure of defendants to maintain the substitute walk in safe repair for public use as they had agreed to do. The jury so found.

I therefore respectfully dissent.

DIBELL, J. (dissenting).
I agree with the Chief Justice.