NELLIE McCARTNEY v. CITY OF ST. PAUL AND ANOTHER.[1]

November 28, 1930.

No. 28,158.

[1]Reported in 233 N. W. 465.

556

Boyles & French and L. K. Eaton, for appellant.
Edward A. Knapp, for respondent.

HILTON, J.

Appeal from an order denying defendant O'Neil's alternative motion for judgment notwithstanding the verdict or for a new trial.

Action to recover damages for injuries sustained by plaintiff when she stumbled or tripped on a cocoa doormat lying on a stone sidewalk in front of a building owned by defendant O'Neil.

At the close of plaintiff's evidence a motion for a directed verdict on behalf of the city was granted. O'Neil (hereinafter referred to as defendant) then rested without putting in any evidence. The jury returned a verdict for plaintiff in the sum of $1,800, which was a reasonable amount if plaintiff was entitled to recover.

The building was on the east side of and known as Nos. 50 and 54 South Cretin avenue (a·public street) and was built close to the sidewalk. It was occupied by tenants of defendant. There were two entrances on Cretin avenue, the one to No. 54 serving 20 apartments located on three floors opening into common hallways and also the janitor's apartment in the basement. The mat was lying on the public sidewalk against the riser of the first step which was flush with the sidewalk, there being a set of four steps leading from the sidewalk to the entrance.

Plaintiff received her injuries between 11 and 12 o'clock on September 19, 1928, a dark, misty and chilly night. There was no light in front of No. 54. There was one, not bright, at the intersection of Cretin and Grand avenues. Plaintiff had alighted from a street

car at the intersection of those avenues. Accompanied by Mrs. Bradford she walked along in front of defendant's premises. At a point in front of the entrance to No. 54 she stumbled and fell, receiving serious injuries. That her injuries resulted from the fall occasioned by tripping or stumbling on the mat was sufficiently established by the evidence.

■ Plaintiff, over the objection of both defendants, was properly allowed to introduce in evidence certain ordinances of the city of St. Paul. These ordinances in effect made it unlawful: (a) For any person to obstruct any street, etc. in the city of St. Paul in any manner whatsoever without first obtaining a permit so to do from the department of public works; (b) for any person to encumber or obstruct any sidewalk, etc. by placing thereon any of a list of mentioned materials and objects; (c) for any person to pile, deposit, or place, or cause or permit to be deposited, piled, or placed, certain enumerated things including "impediment or obstruction of any kind" upon or over any sidewalk or crossing so as to interfere with the convenient use of the same.

The court instructed the jury relative to these ordinances and correctly stated that a violation thereof by defendant would constitute negligence. The statement was then made that "a violation of such ordinances would not result in liability on the part of defendant unless such a violation was the direct and proximate cause of plaintiff's fall and resulting injuries as claimed by her." The statements were proper. Defendant's negligence was shown irrespective of the ordinances.

■ The court instructed the jury that:

"To entitle plaintiff to recover she must prove by a fair preponderance of the evidence, first, that she fell on the sidewalk in front of No. 54 South Cretin avenue; second, that she stumbled or tripped over a mat at that place; third, that said mat was placed upon the walk by the defendant or by someone acting under his authority in so doing, or that he caused the same to be placed there or that he maintained the same there. * * * If she has not proved that, she is not entitled to recover, and your verdict will be for defendant."

Then the court properly charged relative to contributory negligence.

Defendant's main contention seems to be that there was no direct evidence showing that the mat belonged to him or that he directly or indirectly placed it on the sidewalk or permitted it to remain there. The theory of the trial court was that such direct evidence was not necessary, and with this view we agree. The jury had the right to draw from the evidence the inference that one or more of the things above enumerated had taken place. The evidence furnished a reasonable basis for the inference. Such an inference, correctly drawn, was as effective in establishing defendant's negligence as direct evidence thereof would have been. La Pray v. Lavoris Chemical Co. 117 Minn. 152, 134 N. W. 313; Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289.

The mat which plaintiff stumbled on was suitable for protecting defendant's steps, hallways, stairs, and rooms from being injured by the tracking in of dirt and mud; it was at the most advantageous place to afford such protection. It had remained there for at least 36 hours.

There was nothing to support the suggestion made on behalf of defendant that the mat might have been placed on the sidewalk by boys or a gang of boys who had taken it from property not owned by defendant. This was a remote possibility without any support in the evidence.

It was incumbent upon plaintiff in the first instance to prove her case; this she did. Defendant had the right to rely on the claimed weakness of plaintiff's position and to refrain from making any explanations or offering any evidence. It may have been the wisest course to take. Taking all of the evidence into consideration, the jury was justified in concluding that the presence of the mat in question was attributable to one or more of the conditions referred to in the charge of the court.

An abutting owner may be held liable for injuries sustained because of the dangerous condition in a sidewalk in front of his premises where his negligence is properly established. The fact

issues involved in this case were for the jury. Its determination was amply supported by the evidence and must stand.

■ After plaintiff had closed her case and a dismissal had been made as to the city, defendant rested. An adjournment was taken. Upon the reconvening of court, over the objection of defendant, plaintiff was allowed to reopen her case and put in further evidence relative to the manner in which she fell and sustained the injuries complained of. This action of the court is assigned as error. Under the circumstances the allowance of such reopening and the admission of evidence were matters resting largely within the sound discretion of the trial court. 6 Dunnell, Minn. Dig. (2 ed.) § 9716. We find no abuse of that discretion.

■ We have carefully examined all of the assignments of error advanced by defendant, including rulings having to do with admission or rejection of evidence, the charge of the court to the jury, and the refusal to give certain requested instructions. Requests to charge made by defendant in so far as necessary and proper were embodied in the court's charge. We find no grounds for reversal.

Order affirmed.

