## DEAN BRACKE v. MARY LEPINSKI AND ANOTHER.[1]

January 6, 1933.

No. 29,172.

*E. A. Kling,* for appellant.
*Mark & Barron,* for respondent.

PER CURIAM.

In a suit against the city of Little Falls and Mary Lepinski for personal injuries claimed to have been received by falling on rough and uneven accumulations of ice on the sidewalk along Mrs. Lepinski's property, the verdict was against the city but in favor of Mrs. Lepinski. The defendant city appeals from an order denying its blended motion for judgment or a new trial.

The only question which merits consideration is whether the verdict is perverse and the defendant city entitled to a new trial on that account.

The plaintiff testified that the ice at the point where she fell near the corner of the Lepinski building was rough and uneven with a slope toward the outside of the sidewalk. She estimated the ice to be about four inches thick. Other witnesses placed it at a higher

[1]Reported in 246 N. W. 249.

figure. The evidence appears to sustain a finding that the ice was an accumulation of a character to bring it within the rule that it would be negligence for the city to allow it to remain after it knew or should have known of its presence.

There is a considerable difference amongst the witnesses as to just where the ice was upon which plaintiff fell and as to whether the ice which was upon the sidewalk froze from water which came from the Lepinski roof or from surface water falling upon or running across the lot. From the record we think the jury was justified in finding that the ice accumulated from a cause for which Mrs. Lepinski was not negligently responsible. Hence the verdict is not perverse. We discover no error in the court's charge as to damages.

Order affirmed.