## CLARA ROBBINS BURKE v. ROY J. O'NEIL AND ANOTHER. ROBERT E. BURKE v. SAME.[1]

November 9, 1934.

Nos. 30,045, 30,046.

*Baldwin Schroeder,* for appellants.
*Reece J. McGee,* for respondents.

*HOLT, Justice.*

Defendants appeal from the orders denying their motions in the alternative for judgment notwithstanding the verdicts or a new trial.

In early March, 1933, plaintiff Clara Robbins Burke fell and broke her wrist as she neared the curb at 2276 Otto avenue in the city of St. Paul. She and her husband were tenants in an apartment building operated by defendants. Their automobile was

[1] Reported in 257 N. W. 81.

parked in front of the apartment. The accident occurred early in the evening. The street is boulevarded, the boulevard being about nine feet wide between the public sidewalk and the curb. Opposite the front entrance of the apartment building and from the sidewalk to the curb, defendants have laid a cement walk six feet wide across the boulevard. No permit was sought or obtained for so doing. They have also attempted to protect the grass on the boulevard by stringing wires on stakes around it so as to prevent people from passing from the walks onto the grass. But those wires had nothing to do with plaintiff's mishap. The contour of Otto avenue on either side of this building is such that water from rain or melting snow will accumulate in front of the building and overflow the curb and boulevard to a more or less extent. This water in freezing temperature forms ice. At the time in question the snow was gone, but ice had formed where the water overflowed the curb, and this ice extended over about a third of the walk next to the curb and about the same distance in on the adjoining boulevard. At the time in question plaintiff was in a hurry to get to the parked car. Her husband was following behind. When a couple of feet from the car she slipped and fell on the ice, which is claimed to have been somewhat rough. She and her husband brought separate suits against defendants for the damages resulting to each, alleging that defendants negligently permitted the ice to accumulate. The two cases were tried together, and separate verdicts were rendered for each plaintiff. Defendants appeal from the denial of their motions in the alternative for judgments notwithstanding the verdicts or a new trial.

The assignments of error on the appeal are directed to the one question whether or not defendants owed any duty to plaintiffs, their tenants, to keep the walk across the boulevard free from ice. There is no evidence of any provision of the lease requiring defendants to keep this walk or the public sidewalk free from snow and ice—such walk and sidewalk being a part of the public street. A city is charged with the duty of maintaining its public streets in a reasonably safe condition for travel. This duty does not devolve upon abutting property owners. The fact that such owners are

assessed for the construction of sidewalks and paving of the street does not obligate them to keep such street free from ice. Nearly 50 years ago in Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. R. 23, it was held that abutting property owner was not liable to a pedestrian for injuries caused by his falling upon ice formed on the sidewalk. In Boecher v. City of St. Paul, 149 Minn. 69, 182 N. W. 908, there was an unsuccessful attempt to hold liable those whom the city had given permission to build a temporary sidewalk beyond the curb line, while a building was being erected, for icy condition of such sidewalk. See also McDonough v. City of St. Paul, 179 Minn. 553, 230 N. W. 89. The holdings in other jurisdictions where the municipalities are charged with the responsibility of the safe condition of streets are in accord with that of Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444, 53 Am. R. 23. Valin v. Jewell, 88 Conn. 151, 90 A. 36, L. R. A. 1915B, 324; Mahoney v. Perreault, 275 Mass. 251, 175 N. E. 467; Hanley v. Fireproof Bldg. Co. 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382; Sewall v. Fox, 98 N. J. L. 819, 121 A. 669, 28 A. L. R. 1357; Ainey v. Rialto Amusement Co. 135 Wash. 56, 236 P. 801, 41 A. L. R. 263.

The foregoing principle does not apply to cases where the abutting owner has diverted water onto the street and thus caused the ice to form on the sidewalk, as in Isham v. Broderick, 89 Minn. 397, 95 N. W. 224; Bannister v. George H. Hurd Realty Co. 131 Minn. 448, 155 N. W. 627; Johnson v. Elmborg, 165 Minn. 67, 205 N. W. 628. Nor is this a case of faulty construction of a sidewalk, by an abutting owner, of slippery and dangerous material, as in Lamberson v. Whitcomb, 115 Minn. 495, 132 N. W. 991. Nor is this a case where the defendants had created an obstruction in the street or the walks or boulevard thereof, as in Landru v. Lund, 38 Minn. 538, 38 N. W. 699; Palm v. City of Minneapolis, 143 Minn. 477, 172 N. W. 958; and Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671.

In the case at bar there was no faulty construction of the walk. It was of the same construction as the sidewalk proper. Defendants had by no act or omission caused the water to accumulate in the street so as to back it over the curb and onto part of the walk and boulevard. Because defendants, for the convenience of the

tenants and the public, had shoveled the snow off this walk in front of the apartment operated by them, they did not assume responsibility for ice forming thereon any more than for the ice that might form on the sidewalk. The evidence is rather conclusive that clogging of a catch-basin some little distance west of defendants' building caused the surface water to back up in the street and partly overflow the walk and boulevard. The defendants owed their tenants or the public no duty to protect against the water so accumulating and freezing. In our opinion the defendants were entitled to a directed verdict.

The orders are reversed, and the cases are remanded with direction to enter judgments for defendants notwithstanding the verdicts.