EMMA AND HERBERT O'HARA v. MORRIS FRUIT & PRODUCE COMPANY.[1]

November 18, 1938.

Nos. 31,839, 31,841.

*Durham & Swanson* and *Lystad, Mantor & Day,* for appellant.
*Max Shapiro* and *Irving H. Green,* for respondents.

[1]Reported in 282 N. W. 274.

HOLT, JUSTICE.

Such a small, flimsy thing as a summer visor cap, accidentally dropped or intentionally thrown by its owner upon the public sidewalk abutting the store leased to defendant, in the hands of an energetic and plausible lawyer, produced verdicts aggregating $4,305.17 for plaintiffs. Defendant's motions for judgments notwithstanding the verdicts or a new trial were denied, and it appeals.

The short facts are: Defendant is in the business its name implies in a building leased to it, fronting Sixth street north, Minneapolis, next to that occupied by the O'Hara Fruit Company, where plaintiff Herbert O'Hara is employed. In the afternoon of September 22, 1936, after the business for the day was virtually ended and the sidewalk cleared and swept, one Dahlberg, a customer of defendant, finished the delivery of a truckload of crated eggs it had bought. In the unloading Dahlberg's visor cap either accidentally fell off a crate, or was thrown by him on the sidewalk. Officials and employes of defendant noticed the cap but did not remove it. After the cap had so remained for at least 15 minutes, plaintiff Emma O'Hara in walking with her husband, Herbert O'Hara, from the O'Hara Fruit Company store along the sidewalk abutting defendant's place of business, stepped upon and got her foot entangled in the cap, causing her to fall and receive bodily injuries, resulting in the verdicts mentioned.

Error is assigned on the reception in evidence of a city ordinance and instructions based thereon. The ordinance has these provisions [Minneapolis City Charter & Ordinances, 1872-1925, p. 1119]:

"No person shall place, leave, throw, drop or scatter any stones, bricks, mortar, earth, wood, shavings, offal, garbage, rubbish or any other material or substance, or upon any street, alley, sidewalk or public ground in said city, * * * No person or persons shall leave, place, throw or deposit any banana or orange peeling, paper, hand bills, or any other similar material or substance in or upon any street, alley, sidewalk or public ground in said city."

Appropriate penalties for violations are prescribed. It is clear that this ordinance is directed against the transgressor, and not against

the owner or occupier of abutting property who neither by his own act or omission, nor by that of his servants, violates the ordinance. The city and not the owners or tenants of premises abutting public sidewalks is responsible for the latter's safe condition for travel. It cannot shift this responsibility to the shoulders of others by ordinance. Burke v. O'Neil, 192 Minn. 492, 257 N. W. 81; Abar v. Ramsey Motor Service, Inc. 195 Minn. 597, 263 N. W. 917. In the instant cases the one who violated the ordinance, if any violation there was, was Dahlberg. Counsel suggests that the ordinance reads "leave," which according to dictionaries covers these cases where officers and employes saw the cap on the sidewalk and nevertheless left it there. It would lead to absurd results so to construe this ordinance that everyone who observes something of the prohibited substances upon a sidewalk and leaves it there is guilty of an offense. There is also good authority for the proposition that a violation of an ordinance of this sort does not establish liability of the violator to the one injured thereby, but to the municipality alone. Taylor v. Lake Shore & M. So. R. Co. 45 Mich. 74, 7 N. W. 728, 40 Am. R. 457; Moore v. Gadsden, 93 N. Y. 12; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 A. S. R. 760; Frank v. Muller, 200 App. Div. 639, 193 N. Y. S. 416; Harbin v. Smith, 168 Tenn. 112, 76 S. W. (2d) 107.

Defendant was entitled to directed verdicts as requested. Defendant owed plaintiffs no common-law duty to remove this cap from the sidewalk. If the cap was a danger to pedestrians or a nuisance on the sidewalk, neither defendant nor any of its officers or servants placed it there. Defendant owed no duty to travelers to remove from the sidewalk in front of its place of business matters in the nature of obstructions to safe passage or a nuisance if the same were not placed there or created by it or its servants. Cases of the sort before us are to be distinguished from those where the abutting occupant has placed or created the prohibited matter on the sidewalk, as Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A.(N.S.) 569, where protruding hinges in a sidewalk trap door were an obstruction or nuisance; Isham v. Broderick, 89 Minn. 397, 95 N. W. 224, so constructing and main-

taining drainpipes that the water flowed over the sidewalk rendering passage thereon in freezing weather dangerous; McCartney v. City of St. Paul, 181 Minn. 555, 233 N. W. 465, where the owner for his own convenience kept a mat upon the sidewalk causing the plaintiff to stumble and fall thereon. Other jurisdictions hold as we do that the owner or tenant of premises abutting a public street with sidewalk owes no duty to travelers thereon to remove dangerous objects, obstructions, or nuisances from such sidewalk or street even with knowledge of the condition, unless he or his servants have caused or created the same. Ellis v. Southern Grocery Stores, Inc. 46 Ga. App. 254, 167 S. E. 324; Catino v. Sorrentini, 288 Mass. 89, 192 N. E. 489; Fadem v. City of St. Louis (Mo. App.) 99 S. W. (2d) 511, 514; Christine v. Mutual Grocery Co. 119 N. J. L. 149, 194 A. 625. In the Missouri decision it is said:

"So far as concerns the liability of the owners or proprietors of the abutting property * * * it suffices to say that their prime obligation in the matter of the maintenance of the sidewalk was owed to the city and not to the public, and that they are to be held liable to plaintiff in this action only upon proof that the condition which brought about her injuries had been caused or created by their own affirmative act."

In the cases at bar the proof is conclusive that Dahlberg and not defendant dropped and left the offending cap on the sidewalk.

The orders are reversed and the cases are remanded with direction to enter judgments in favor of defendant notwithstanding the verdicts.