EVELYN D. STERNITZKE AND ANOTHER v.
DONAHUE'S JEWELERS AND ANOTHER.

83 N. W. (2d) 96.

May 10, 1957—Nos. 37,020, 37,021, 37,022,
37,023, 37,057, 37,058.

*A. E. Everson* and *Josiah A. Baker,* for appellants.

*Smith, McLean & Peterson,* for respondent Donahue's Jewelers.

*Gallagher, Farrish, Sheran & Zimmerman,* for respondent Donahue's Inc.

NELSON, JUSTICE.

Evelyn D. Sternitzke commenced an action against Donahue's Jewelers to recover for personal injuries on the ground of negligence based upon the icy and slippery condition of the sidewalk in front of the store building leased and occupied by Donahue's Jewelers. Her husband brought a companion suit to recover for loss of services, together with medical and hospital expenses incurred. After answers of defendants were interposed, pretrial depositions of plaintiffs were taken May 11, 1955. The date of the alleged accident was fixed as December 11, 1954. Motion for summary judgment was thereafter noticed in the actions brought against Donahue's Jewelers. This matter was heard July 19, 1955. Counsel for plaintiff orally moved to dismiss said actions without prejudice at the time said motions were presented to the court. While the motions were under advisement by the court, plaintiffs in September 1955 caused a summons and complaint to be served again upon Donahue's Jewelers

and also upon Donahue's Inc. the owners of the building. Summary judgments in favor of Donahue's Jewelers were granted and entered January 25, 1956.

Thereafter Donahue's Inc. noticed its motion for summary judgment which was granted and entered March 12, 1956. At the hearing on this motion plaintiffs offered an affidavit of A. M. Kircher, a former engineer of the city of Mankato, in support of their opposition to the granting of summary judgment in favor of Donahue's Inc. No opportunity to present additional evidence was applied for or granted. The Kircher affidavit was made February 17, 1956, some 14 months after the alleged accident occurred. The affidavit states that the affiant inspected the sidewalk area in front of Donahue's Jewelers, and that he would testify that there was faulty construction, maintenance, and repair of said sidewalk and that the joints in the sidewalk protruded above the surface which, in his opinion, created a material hazard and would tend to obstruct and aid in the accumulation of ice and snow and interfere with its natural distribution and contribute to a slippery, icy, and ridgy accumulation upon the sidewalk. The affidavit does not show when the inspection was made.

On May 23, 1956, plaintiffs, in the actions which are the subject of this appeal, moved the trial court for an order vacating and setting aside the summary judgments entered therein. That matter was heard June 9, 1956, at which time plaintiffs offered the affidavit of weather observer Paul Boeger purporting to show that on December 9, 1954, there was a precipitation due to snowfall of 1.3 inches and that on the 10th and 11th days of December following there was only a trace of precipitation. The court denied plaintiffs' motion to vacate the summary judgments on July 20, 1956. In the meantime the plaintiffs having in September 1955 served their summons and complaints on both Donahue's Jewelers and Donahue's Inc. relied upon the latter complaints as containing allegations sufficient to state a cause of action against both defendants. In these latter complaints plaintiffs make and rely upon the following allegation: That Evelyn Sternitzke—

"* * * slipped and fell and was thrown heavily by reason of the icy and slippery sidewalk and an artificial obstruction and faulty repair in the construction of the sidewalk caused and allowed to remain by the defendants, * * *."

These complaints, however, were served after Donahue's Jewelers had presented and argued its motion for summary judgment and without plaintiff first obtaining leave of the court to dismiss the original actions against Donahue's Jewelers as required by Rules of Civil Procedure, Rule 41.01.

The orders granting summary judgments herein were based upon the grounds that the files and records in the proceedings before the trial court, which included the pretrial depositions of the plaintiffs as a part of the files, show that there was no genuine issue as to any material fact and that therefore the defendants were entitled to summary judgment as a matter of law.

The questions involved on this appeal are whether the record justifies the court's findings that there was no genuine issue as to any material fact and whether having so found the defendants were entitled to entry of summary judgments as a matter of law. The plaintiffs argue that the allegations contained in their complaints that injuries to plaintiffs were caused by a defective sidewalk installed by defendants in violation of the ordinances of the city of Mankato, together with the negligent failure of defendants to clear snow and ice from the sidewalk in front of the abutting lot and building in violation of said ordinances constitute material issues of fact, which plaintiffs are entitled to have determined at a trial upon the merits in the court below. They do not complain of any ruling made by the trial court regarding the defective construction of the portion of the sidewalk in question and defendants' failure to keep it clear of ice and snow in violation of said ordinances. The facts as testified to by both plaintiffs in their pretrial depositions do not indicate that the injuries complained of were caused by a defective sidewalk or, if there had in fact been a defect in its installation, that such defect was the cause of Evelyn Sternitzke's slipping and falling on the sidewalk at the point where the accident occurred.

518

Evelyn Sternitzke testified that the accident happened between 10:30 and 11 a. m. on December 11, 1954, in front of Donahue's Jewelers shop; that at the time it occurred she was walking with her husband and son side-by-side, occupying the center; that the fall occurred in the middle of the sidewalk and that the sidewalk at that point was awful slippery, snow-and-ice packed where she fell, and that a sort of wet snow was coming down at the time. She did not know whether the packed ice and snow was smooth or not. She states that she noticed no rough spots in front of the store nor any ridges or depressions in the snow and ice and repeated that there was packed wet snow on the sidewalk which was extremely slippery and smooth. She further testified that she noticed no holes or depressions in the sidewalk itself; that the surface seemed to be flat; also that she noticed nothing on the sidewalk on which she could have tripped or stumbled. She blamed her fall entirely on the slipperiness of the sidewalk. The plaintiffs did not enter the jewelry store. She states that she does not know where on the sidewalk the ice commenced with respect to the doorway; that otherwise and except at the point where she fell, the sidewalk had appeared clear to her as she was walking along toward that point. The plaintiff husband testified that it was sleeting and snowing at the time of the accident; that his wife had been walking about on the center of the sidewalk. He says he noticed that the sidewalk was ridgy and icy and stated that by ridgy he meant "from the snow that fell, that people had walked on," and "humps of snow and ice"; that the deposit on the sidewalk was hard and packed and slippery but that he noticed no holes or depressions in the sidewalk; that these ridges were one-half to one inch high and were caused by tramping of feet on the sidewalk. He also stated that he had noticed no snow on the sidewalk prior to coming in front of Donahue's Jewelers; that the ice and snow there extended the entire width of the sidewalk. He was, however, unable to state where the ice and snow began. He did say that he did not notice ice and snow until his wife fell and that she did not appear to stumble over anything or to step in a hole; that the sidewalk appeared to be in good repair, and as far as he

knew, it was simply the ice and snow that had fallen on top of it which caused it to be slippery. The only other parties who were witnesses to the accident according to the plaintiffs were their eight-year-old son, a policeman who came to the scene afterwards, and a man whose name they do not know. In response to a question asked him by his own counsel, he stated that the sidewalk was slippery from where the people were walking over the snow that was falling.

The testimony contained in the pretrial depositions clearly establishes the ineffectiveness of the affidavit of A. M. Kircher. It is also clear from a consideration of plaintiffs' deposition testimony that Evelyn Sternitzke did not stumble over anything in the nature of a defect, step into any hole, or suffer the fall, which occurred, because of any irregularities upon the sidewalk at the point of the fall due to any unusual conditions or depressions in the sidewalk itself. The conditions they complain of are limited to slipperiness caused from falling snow and sleet which they noticed only at the point of the fall in front of the jewelers' shop and which the husband had not noticed until after the wife fell. It can hardly be contended with any degree of justification that either the plaintiffs' testimony as reflected in the deposition or the contents of any affidavits offered by the plaintiffs give support to plaintiffs' claim that a genuine issue exists as to any material fact which would justify the trial court, in the exercise of its discretion, in ordering a trial upon the merits, and as a matter of law, refusing to grant summary judgments in favor of defendants.

The law applicable to the situation here involved is clear and well established. Ordinarily the duty of keeping a sidewalk in a reasonably safe condition for travel is upon the city or municipality and not on the abutting owners or occupants, and the abutting owner or occupant is not liable for any defect therein unless created by him or his agents or servants. In other words, the duty of keeping a sidewalk in a reasonably safe condition for travel is placed on the city and is not on abutting owners or occupants unless they created the defect or dangerous condition or were negligent in maintaining in a dangerous and defective condition facilities erected

on the sidewalk for their convenience or for the benefit of their building. Persons who own or occupy property abutting on a sidewalk are not liable to pedestrians for injuries sustained in consequence of stumbling or slipping on ridges or hummocks of snow and ice which form from natural causes on the sidewalk. Shepstedt v. Hayes, 221 Minn. 74, 21 N. W. (2d) 199; Boecher v. City of St. Paul, 149 Minn. 69, 182 N. W. 908; Young v. Village of Waterville, 39 Minn. 196, 39 N. W. 97; Noonan v. City of Stillwater, 33 Minn. 198, 22 N. W. 444; 13 Dunnell, Dig. (3 ed.) § 6845.

Another well-established rule is that a sidewalk is a part of a street and a municipality which is given exclusive control of the streets or sidewalks is required to exercise reasonable care in keeping the latter in a safe condition and is liable to any person who is injured as a result of the want of such care. 13 Dunnell, Dig. (3 ed.) § 6832.[1]

Plaintiffs cite the following cases as controlling: Shepstedt v. Hayes, *supra;* Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671; Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507. Those cases are distinguishable upon the facts and are not applicable here. In the Williams case the situation involved was one where the property owner had been guilty of creating a dangerous condition by razing the building on his property in such manner as to remove the material supporting the sidewalk, thus causing the sidewalk to sag. There is no evidence of an artificial or dangerous condition created by the defendants in the instant case. In fact such condition is clearly negated by the deposition testimony of the plaintiffs. The Shepstedt case did not involve a natural accumulation of ice and snow on the sidewalk but rather a patch of cement placed on the sidewalk by the owner and maintained for the convenience of

[1]For other cases involving rights and liabilities of abutting property owners, see Freeman v. City of Minneapolis, 219 Minn. 202, 17 N. W. (2d) 364; Bentson v. Berde's Food Center, Inc. 231 Minn. 451, 44 N. W. (2d) 481, 22 A. L. R. (2d) 733; Abar v. Ramsey Motor Service, Inc. 195 Minn. 597, 263 N. W. 917; Burke v. O'Neil, 192 Minn. 492, 257 N. W. 81; McDonough v. City of St. Paul, 179 Minn. 553, 230 N. W. 89; Bracke v. Lepinski, 187 Minn. 585, 246 N. W. 249; 13 Dunnell, Dig. (3 ed.) § 6845.

the building. It was placed there in remodeling the building and in front of the entrance and adjacent to a concrete step leading to the entrance. The patch later chipped off at the edges leaving a perpendicular edge along one of its sides to the extent of 1½ inches in depth at the wall of the building and tapering off from that point. There was no difficulty in that case in establishing who placed the patch of cement or concrete slab upon the sidewalk nor for whose convenience it was so placed. But the holding in that case is not controlling here nor is the holding in the Leystrom case. Whatever right of recovery was recognized as against abutting property owners in those cases was based upon a situation where the owner for his convenience or that of his property changed conditions in the street or sidewalk thus making himself liable to persons injured if his negligence caused such changes to become dangerous. City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818.

In McDonough v. City of St. Paul, 179 Minn. 553, 230 N. W. 89, plaintiff fell on the sidewalk made dangerous by snow and ice and sued the city of St. Paul and the Holly Realty Company, owner of property abutting the sidewalk. The court held that as between the city and the property owner the dangerous condition of the sidewalk resulted solely from the fact that travel over it had created dangerous holes and ridges in the snow and ice which had accumulated thereon from natural causes; and that property owners are not liable for injuries to pedestrians resulting from such causes, citing 4 Dunnell, Dig. (2 ed.) § 6845, and Boecher v. City of St. Paul, *supra*.

■ A municipality retains the primary duty and responsibility with respect to the maintenance and repair of public sidewalks and cannot shift said responsibility to the abutting occupant or property owner. O'Hara v. Morris Fruit & Produce Co. 203 Minn. 541, 282 N. W. 274.

When the record herein is tested by the foregoing rules, we are only able to reach one conclusion, namely, that it fails to show that the defendant owners of the abutting premises caused or contributed to any claimed condition of the sidewalk as the result of which plaintiff fell and was injured.

Plaintiffs contend that they are entitled to rely on certain allegations in their complaint that the injuries in question were caused by a defective sidewalk installed by defendants in violation of a Mankato city ordinance and by failure of defendants to clear ice and snow from the sidewalk in front of the jewelry shop in violation of another Mankato city ordinance. The violation of an ordinance of the sort plaintiffs refer to in their complaints does not establish liability of the violator to one injured thereby but only to the municipality alone. Whatever duty is imposed by these ordinances it is a duty due the city as a municipal body, and not to the public as individuals. Ordinances requiring a person to build or keep in repair sidewalks abutting his property are an exercise of the taxing power and not the police power, and the city is in no degree exonerated thereby from its obligation to perform its governmental duty of keeping the public streets in a safe condition. Noonan v. City of Stillwater, *supra;* Standafer v. First Nat. Bank, 236 Minn. 123, 52 N. W. (2d) 718; Cooper v. Hoeglund, 221 Minn. 446, 22 N. W. (2d) 450; 13 Dunnell, Dig. (3 ed.) § 6976(5). Obviously the ordinances we have referred to were not enacted for the protection and benefit of a class of which plaintiffs are members, namely persons using said sidewalks, but rather are designed to create a purely "public duty," the violation of which does not give rise to a public action.

Sidewalks form a part of the public street. Defendants herein hold no duty to pedestrians upon the sidewalk to remove from the sidewalk in front of its place of business, matters, in the nature of obstructions or interference to safe passage, or a nuisance, if the same were not placed there by the defendants or created by the defendants or their agents or servants. The cases before us on this appeal must be distinguished from those where the abutting occupant has placed the prohibited matters on the sidewalk or created the nuisance, as for instance where protruding hinges in a sidewalk trapdoor were an obstruction or nuisance; where the abutting owner so constructed and maintained drainpipes that the water flowed over the sidewalk rendering passage thereon in freezing weather

dangerous; or where the owner for his own convenience created a condition upon the sidewalk causing the plaintiff to stumble and fall.[2] Our decisions have held, and the decisions in other jurisdictions likewise hold, that the owner or tenant of premises abutting a public street with sidewalk owes no duty to travelers thereon to remove dangerous objects, obstructions, or nuisances from such sidewalk or street even with knowledge of the condition, unless he or his servants have caused or created the same. Freeman v. City of Minneapolis, 219 Minn. 202, 17 N. W. (2d) 364; O'Hara v. Morris Fruit & Produce Co. *supra.*

Defendants contend that the allegation in the original complaint against Donahue's Jewelers alleging that Evelyn Sternitzke "slipped and fell and was thrown heavily by reason of falling upon the icy and slippery sidewalk in front of the premises" occupied by them and "That the defendant was negligent in failing to maintain and keep said sidewalk in a proper and safe condition for pedestrians thereon" does not upon either of plaintiffs' contentions state a cause of action against an abutting occupant or owner. We agree with defendants' contention in that respect. Plaintiffs, however, appear to rely upon the later complaints served on defendants as containing allegations sufficient to state a cause of action. The record, however, discloses that the later complaints were served after Donahue's Jewelers had presented and argued its motion for summary judgment to the court below and without plaintiffs first obtaining leave of said court to dismiss the original actions as required by Rule 41.01. The broader allegations contained in the later series of summons and complaints served on defendants to the effect that Evelyn Sternitzke "slipped and fell and was thrown heavily by reason of the icy and slippery sidewalk and an artificial obstruction and faulty repair in the construction of the sidewalk caused and allowed to remain by the defendants" are of no avail since any facts therein alleged have been completely and fully negated by the plaintiffs' own testimony in their pretrial depositions, wherein they testified

[2]Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A. (N.S.) 569; Isham v. Broderick, 89 Minn. 397, 95 N. W. 224; McCartney v. City of St. Paul, 181 Minn. 555, 233 N. W. 465.

that the sole reason for the fall of Evelyn Sternitzke was the slippery condition of the sidewalk due to packed snow and ice and ruled out the existence of any artificial obstruction or faulty repair in the sidewalk. The allegation relied upon does not involve a situation where the defendant property owner was guilty of creating a dangerous condition which might result in liability. There is in the instant case no evidence of an artificial or dangerous condition created by defendants, in fact the existence of any such conditions is ruled out by the plaintiffs' own deposition testimony. We must also take into account plaintiffs' failure to comply with Rule 41.01 before proceeding to serve the second series of summons and complaint against defendants. As heretofore indicated the affidavits of A. M. Kircher, the engineer, and the weatherman, Paul Boeger, add nothing to the record upon which the plaintiffs can rely in urging a trial below upon the merits. See, 13 Dunnell, Dig. (3 ed.) § 6829. Upon the record before us there is no duty owing upon the part of the abutting occupants or owners upon which plaintiffs may predicate liability, since the duty of keeping a sidewalk in a reasonably safe condition for travel is placed upon the municipality and not on abutting owners or occupants, subject to the rule that abutting owners or occupants may become liable if the condition or defect upon the sidewalk was created by them, their agents or servants.

It follows that the summary judgments entered for the defendants herein must be affirmed.

Affirmed.