JOHN R. JENSEN v. ESTATE OF J. FRED JOHNSON AND OTHERS.

230 N. W. 2d 61.

May 16, 1975—No. 45178.

*James Malcolm Williams,* for appellant.

*Wurst, Bundlie, Carroll & Crouch* and *Norman W. Larsen,* for respondents Carpenter and Dickinson.

*Irwin Ketroser,* for respondent estate of Johnson.

PER CURIAM.

Plaintiff, a Minneapolis police officer, while pursuing a suspect, was injured when he tripped over a protruding 1-foot, metal pipe apparently located in the front lawn at 2208 Eleventh Avenue South, Minneapolis. Plaintiff commenced this action for damages against the owners of adjacent property described as Lots 2 and 3, Block 3, Jones Bell and

Harris' Addition, or 2204 and 2208 Eleventh Avenue South, Minneapolis. In support of his case at trial, plaintiff testified describing the pursuit and his contact with the pipe. Additionally, pictures which were identified as fairly representing the conditions as they existed at the time of the injury, and a survey of the lots showing the pertinent boundaries thereof, were received in evidence. The pictures and the survey make clear that the pipe is located in what appears to be the front lawn of the property described as Lot 3 and owned by defendant Estate of J. Fred Johnson.

It is conceded by all parties that the pipe in fact is located on city property not utilized by the city as a public walk, since the cement sidewalk does not cover the full width of the area so dedicated.

Plaintiff rested after producing the foregoing evidence. The trial court granted defendants' motion for a directed verdict. The trial court's decision was based upon the rule that the duty of keeping a sidewalk in a reasonably safe condition is upon the city and not upon the abutting owners unless it is established that the physical harm results from a defect in a public walk created or caused by the abutting owner. Sternitzke v. Donahue's Jewelers, 249 Minn. 514, 83 N. W. 2d 96 (1957).

Viewing the evidence submitted most favorably to plaintiff, as we must, it appears uncontradicted that the pipe is on property dedicated to public use but for some time utilized by the abutting property owner, Estate of J. Fred Johnson, as a part of the front lawn of Lot 3. An examination of the pictures received in evidence would permit the jury to draw an inference that the abutting property owner controlled the land where the pipe was situated, and from its rusted and jagged appearance, that the pipe was in existence a sufficient length of time for the owner to have knowledge of its existence and the foreseeable hazard it created.

Liability was sustained against an abutting property owner in the case of Pagett v. Northern Elec. Supply Co. 283 Minn. 228, 167 N. W. 2d 58 (1969). In that case, the defendant purchased property formerly owned by the city of Duluth. Many years earlier, the city had used the property as a city hall and jail. The city built for its own use a coalhole under the adjacent sidewalk. Since the sale of the building to defendant in 1945, no use was made of the coalhole. Plaintiff fell into the hole while walking to his parked car. The coalhole was on property owned by the city, and defendant was the abutting owner. This court sustained a jury verdict in plaintiff's favor, holding that the jury could reasonably find that the proof showed negligence by defendant in failing to maintain the coalhole in a safe condition.

566

Similarly here, the pictures introduced by plaintiff permit the inference that the property owner utilized property dedicated for use as a sidewalk. An inference is also permissible that a dangerous condition had been permitted to exist at least a sufficient length of time so that the owner knew of the existence of the pipe. Restatement, Torts 2d, § 350. The pictures and the survey provide sufficient evidence from which to draw an inference of the property owner's negligence. Our statement in Standafer v. First National Bank, 243 Minn. 442, 448, 68 N. W. 2d 362, 366 (1955), is dispositive of this issue:

"While it is true that the proof fails to show exactly how the accident happened, that likewise is true in many negligence cases. It is not necessary that there be eyewitnesses to the happening of an accident before there may be recovery. If the evidence establishes facts from which a jury reasonably may draw an inference of negligence and that it was a proximate cause of the happening of the accident, it no longer is a question of law for the court. It is only when there is such complete absence of evidence from which an inference of negligence may be drawn or where the evidence is so conclusive one way or the other that reasonable minds must draw the same conclusion that the question becomes one of law."

The directed verdict in favor of the Estate of J. Fred Johnson is hereby set aside and a new trial granted as to that defendant. The directed verdict for the other defendants is sustained.

Reversed and remanded for a new trial as to defendant Estate of J. Fred Johnson; affirmed as to the other defendants.