Steve **KANTOROWICZ**, Respondent,

v.

**VFW POST, # 230, Appellant.**

**No. C2–83–1293.**

Court of Appeals of Minnesota.

June 12, 1984.

Robert W. Kettering, Jr., Brian Love, Minneapolis, for appellant.

John W. Carey, Fairfax, for respondent.

Heard, considered and decided by SEDG-WICK, P.J., PARKER and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Kantorowicz slipped and fell, injuring his wrist, while walking from appellant's parking lot to its VFW building. A jury found respondent 18.5% negligent, and appellant 81.5% negligent and awarded damages. This appeal is from the trial court's denial of VFW's motions for judgment notwithstanding the verdict, for a remittitur, or alternatively for a new trial.

### FACTS

In February 1979 respondent Steve Kantorowicz, a VFW member, parked his car in the VFW lot located on the southwest corner of 45th and Central Avenue in Minneapolis. The lot is separated from the Post by a private residence. It is elevated from the adjacent lot and the sidewalk on Central Avenue. On the night of the accident there were three paths worn in the snow on the embankment leading to the sidewalk which leads to the Post's entrance. The longest and steepest one was closest to the Post, the shortest and least steep path was furthest from the club, and there was one in between.

Respondent took the shortest and least steep path to get to the sidewalk leading to the Post. The only alternative to using the paths was to walk along 45th Street to get to the sidewalk on Central Avenue. He rejected that route because he was afraid of the traffic on 45th which has no sidewalk.

As respondent was walking down the embankment through the snow he fell injuring his wrist.

Before this accident respondent served on the VFW's Building and Bar committee which made recommendations for maintenance of the Post and its grounds. This committee recommended constructing safer exits from the parking lot. The members of the post approved the recommendation, but took no further action.

At the close of trial, appellant VFW requested an instruction on assumption of risk and a provision on the verdict form for respondent's assumption of risk. These requests were denied.

## ISSUES

1. Does the VFW post have a duty to its members to provide a safe access from its parking lot to its building?

2. Did the trial court err in refusing to instruct on the assumption of risk?

3. Did an alleged violation of DR7–104(A) of the Code of Professional Responsibility affect the introduction of evidence?

## ANALYSIS

Appellant contends that as a matter of law it had no duty to respondent, therefore, cannot be found negligent. To support its contention appellant relies on the Restatement of Torts 2d, § 343A(1) which provides:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Because respondent was aware of the slippery and potentionally dangerous condition of the paths and chose to use one anyway, appellant argues that the above restatement absolves it of liability.

■■■ We do not agree. The test in determining whether a landowner owes a duty to entrants on land is "that of reasonable care under the circumstances." *Adee v. Evanson*, 281 N.W.2d 177 (Minn.1979) citing *Peterson v. Balach*, 294 Minn. 161, 199 N.W.2d 639 (1972).

*Peterson* abolished the distinction between duties owed to entrants on land based on their status as licensees or invitees. That court set forth five factors to be considered in determining duty. They include: 1) the circumstances under which the person enters the premises; 2) the foreseeability or possibility of harm; 3) the duty to inspect, repair, or warn; 4) the reasonableness of inspection or repair; and 5) the opportunity and ease of repair or correction. *Peterson*, 294 Minn. at 174, n. 7, 199 N.W.2d at 648, n. 7. Here, the court gave a *Peterson* instruction.

■■ There is competent evidence reasonably tending to sustain the verdict. The jury could find that a reasonable person would use the paths through the snow rather than take the longer route which required walking along a heavily traveled street with no sidewalk to get to the Post. Therefore, the trial court's denial of judgment notwithstanding the verdict must be upheld. *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 232 N.W.2d 236 (1975).

2. Appellant next asserts that the trial court erred in refusing to instruct the jury on assumption of risk. *Springrose v. Willmore*, 292 Minn. 23, 192 N.W.2d 826 (1971), recast assumption of risk as an element of comparative negligence under Minn.Stat. § 604.01, subd. 1 (1982).

■■ Whether a trial judge gives an assumption of the risk instruction is discretionary. *See Adee v. Evanson*, 281 N.W.2d 177, 180 (Minn.1979) (where court upheld the instruction on assumption of the risk

because the presence of an alternative safe route was clear).

 Here, the court instructed the jury on respondent's duty to exercise reasonable care for his own safety under a comparative negligence instruction. The jury was able to consider the evidence regarding respondent's assumption of the risk within the framework of that instruction. Therefore, we find no abuse of discretion.

3. Appellant also requested a new trial on the ground that respondent's counsel used information he allegedly obtained in violation of DR7–104(A) of the Code of Professional Responsibility.

DR7–104(A) provides:

During the course of his representation of a client, a lawyer shall not,

(1) communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in the matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Here, appellant's counsel, in answer to respondent's interrogatory, provided names and titles of 18 persons having knowledge of the subject matter, including the name Jerry Wegscheid. The answer further stated: "They can all be contacted through the VFW ..."

Respondent's attorney contacted Wegscheid, talked to him and on cross examination at trial, counsel confronted Wegscheid about the witness's pretrial statements concerning Kantorowicz's level of intoxication. The cross examination was not objected to until it was completed.

The trial court refused to grant a new trial on this basis because it appeared respondent's counsel acted in good faith and appellant's counsel in part created the situation by failing to indicate Wegscheid's title (he was a VFW officer and as such was represented by counsel), and by saying that the witnesses could all be contacted through the VFW. The trial court further said that the attorney's conduct should not inure to the detriment of his client.

 The function of the Code of Professional Responsibility is to regulate attorney conduct and has no bearing on the admissibility of evidence. *People v. Green*, 405 Mich. 273, 274 N.W.2d 448 (1979). Here, the harm, if any, was minimal, and the breach clearly unintentional.

## DECISION

The trial court is affirmed.