
**Mary C. McILRATH, Appellant,**

v.

**The COLLEGE OF SAINT CATHERINE, Respondent.**

No. C6–86–1344.

Court of Appeals of Minnesota.

Jan. 13, 1987.

Kevin L. Callahan, Paige Donnelly, Ltd., St. Paul, for appellant.

Michael W. Gaughan and James D. Knudsen, Lasley, Gaughan, Stich & Angell, P.A., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Appellant brought a personal injury action against respondent, claiming respondent was negligent in failing to maintain safe access to the campus bookstore. Appeal is taken from the trial court's entry of summary judgment on June 19, 1986, pursuant to an order granting respondent summary judgment and dismissing appellant's cause of action. We affirm.

## FACTS

On January 5, 1983, appellant Mary McIlrath was attending class at the Frey Theatre on respondent College of St. Catherine campus. During a lunch break appellant decided to run an errand at the campus bookstore. Appellant left the Theatre and headed west toward the bookstore. Appellant walked in the street, along the south side of the lot where the bookstore was located. There was a sidewalk on the north side of the street, but appellant did not walk there and did not notice its condition. Respondent claimed by way of affidavit, that all the streets and sidewalks had been cleared of snow and salted.

As appellant approached the southeast corner of the bookstore lot, she noticed a path worn through the snow cutting through the lot. Appellant decided to take this path rather than continue in the street because the street was icy and she feared possible oncoming traffic. She attempted to traverse the path by first mounting a snow bank approximately two feet high. As she descended from the bank to the snow path, she slipped on a patch of ice and fell, her ankle hitting the curb. Appellant

was severely injured in the fall, and had to have surgical pins placed in her ankle before she could walk again.

Appellant sued respondent, claiming that her fall and resultant injuries were caused by respondent's negligent failure to maintain the area of the campus bookstore in a condition safe for pedestrians. Respondent moved for summary judgment arguing that it owed no duty to maintain the area where appellant fell. The trial court granted the motion, finding that respondent had met its duty of reasonable care by providing safe access to the campus bookstore by way of suitably maintained sidewalks. The trial court noted that the duty appellant sought to place upon respondent was greater than that imposed by current law.

### ISSUE

Did the trial court err in granting summary judgment based on a finding that respondent had met its duty of care?

### ANALYSIS

Generally, a landowner has a duty to use reasonable care for the safety of all persons on its premises. *Peterson v. Balach,* 294 Minn. 161, 174, 199 N.W.2d 639, 647 (1972). In determining whether a landowner or person charged with responsibility for the condition of the land has breached this duty of reasonable care, factors to be considered are: the circumstances under which the entrant enters the land; foreseeability or possibility of harm; duty to inspect, repair, or warn; reasonableness of inspection or repair, and opportunity and ease of repair or correction. *Id.* at 174 n. 7, 199 N.W.2d at 648 n. 7; *see Flom v. Flom,* 291 N.W.2d 914, 917 (Minn.1980).

In *Kantorowicz v. VFW Post, No. 230,* 349 N.W.2d 597 (Minn.Ct.App.1984), this court applied the *Peterson* factors to find that the landowner had breached its duty of reasonable care when it failed to provide a means of safe access to its buildings. In *Kantorowicz,* a VFW club member successfully sued the Post in negligence for injuries sustained when he fell on a snow-packed path leading from the club's parking lot to the club. This court upheld the trial court's denial of a motion for judgment notwithstanding the verdict, holding that a jury could find that a reasonable person would use the paths through the snow rather than take the only alternative route to the club entrance through an icy, busy street.

Appellant argues that following *Kantorowicz,* it is clear that respondent breached its duty to maintain the snow path on which appellant fell. However, this case is distinguishable from. *Kantorowicz* in that while the plaintiff there was forced to take the snow path because there were no sidewalks leading to the building and the only alternative route involved passage on a "heavily traveled" public street, here there were cleared sidewalks and a relatively untraveled private road leading to the bookstore, providing appellant alternative routes from the snow path to her destination.

■ *Kantorowicz* does not, as appellant proposes, establish a general duty of landowners to maintain well worn paths on their premises in a safe condition on the basis of foreseeability of use. This interpretation is disturbing in its potential impact on the duty of landowners, and unwarranted from the language of the case itself. *Kantorowicz* stands for the proposition that a landowner's exercise of "reasonable care" includes the duty to provide and maintain suitable access to and from buildings on the land. *Id.* at 599. Here, the trial court was correct in determining that the duty owed by respondent was to provide safe access to the buildings on its campus.

■ There are no issues of material fact in this case, as appellant does not dispute that there were cleared sidewalks providing access to the bookstore. By law, respondent was required to exercise reasonable care under the circumstances. In this case that equated to providing suitable access to the campus bookstore. Suitable access was provided by undisputedly well-maintained sidewalks and crosswalks. The

trial court was correct in finding that appellant sought to place on respondent a greater duty than that imposed by law.

### DECISION

The trial court correctly determined that respondent had met its burden of reasonable care by providing safe access to the bookstore and properly dismissed appellant's claim.

Affirmed.