Carolyn A. STRONG, et al., Appellants,

v.

RICHFIELD STATE AGENCY, INC., et al., Respondents.

No. C3-90-494.

Court of Appeals of Minnesota.

Sept. 18, 1990.

Charles T. Hvass, Jr., Minneapolis, for appellants.

Katherine L. MacKinnon, Arthur, Chapman & McDonough, Minneapolis, for respondents.

Considered and decided by GARDEBRING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Appellants seek review of a directed verdict granted after receipt of their evidence. The trial court ruled appellants failed to show that respondent property owner either caused the hazard on or made extraordinary use of the municipal property upon which appellant Carolyn Strong was injured and therefore had a duty to maintain it. We affirm.

## FACTS

Respondent Richfield State Agency owned a commercial building and rented space to various businesses. Construction necessitated having patrons park across the street and approach the building either by walking along the public sidewalk and climbing three concrete steps or by climbing an asphalt slope. Appellant Carolyn Strong, a patron, entered the building by the asphalt slope, although it was covered with wet leaves after a night of wind and rain. As she was leaving the building by way of the slope, she fell on the leaves and injured her knee.

Appellant and her husband Jeffrey Strong originally brought action against both respondent and the City of Richfield for negligence in not removing the wet leaves. Both respondent and the City of Richfield were granted summary judgment. Appeal was taken as to the award of summary judgment to respondent, who for purposes of the appeal stipulated that it was the owner of the subject property. This court, in an unpublished opinion, reversed and remanded for trial, finding that "there are material fact issues whether respondent used reasonable care in maintaining access to its property and whether [appellant] should have reasonably known the concrete walk existed."

At the jury trial held on remand, the parties stipulated that the property at issue was owned not by respondent but by the City of Richfield.

## ISSUE

Did the trial court err in directing a verdict for respondent on the grounds that there was no evidence to show respondent was liable for appellant's injury?

1. Did respondent breach the duty to provide appellant, a patron, with safe access to the building?

2. Did respondent have a duty to maintain abutting municipal property?

## ANALYSIS

The standard of review for a directed verdict is the same as the standard for granting one:

The trial court should grant the motion only when it would clearly be its duty to set aside a contrary verdict as manifestly against the evidence or when such a verdict would not comply with the applicable law. * * * The same standard governs this court on review.

*Midland National Bank of Minneapolis v. Perranoski,* 299 N.W.2d 404, 409 (Minn. 1980) (citations omitted). Further,

[w]hile the right to direct a verdict also involves the duty to do so, nevertheless, it is a right to be cautiously and sparingly exercised.

*Kolatz v. Kelly,* 244 Minn. 163, 166, 69 N.W.2d 649, 652 (1955), *quoted in Elias v. City of St. Paul,* 350 N.W.2d 442, 444 (Minn.App.1984). The trial court here regarded itself as "duty bound to direct a verdict in favor of [respondent.]"

 1. Because it is uncontested that respondent was not the owner of the subject property, under the existing case law respondent would have a duty to appellants only if respondent had itself created or contributed to the hazard that existed on the property of the City of Richfield. *Graalum v. Radisson Ramp, Inc.,* 245 Minn. 54, 61, 71 N.W.2d 904, 909 (1955). *See also Olson v. City of St. James,* 380 N.W.2d 555 (Minn.App.1986). In arguing that respondent did have a duty to Carolyn Strong and did breach that duty, appellants cite *Kantorowicz v. VFW Post, No. 230,* 349 N.W.2d 597, 599 (Minn.App.1984). In *Kantorowicz* this court held that a VFW post, as a possessor of land, owed a duty to its members to provide safe access to the post building from its parking lot. *Id.* at 599.

Appellants' reliance on *Kantorowicz* is misplaced. The accident in *Kantorowicz* occurred on property owned by respondent VFW, not on municipal property such as here. Further, appellant in *Kantorowicz* chose the shortest and least steep of three available paths, while appellant here chose an asphalt slope rather than concrete steps and a level walk. Finally, in *Kantorowicz,* there was no less hazardous access route available. Here, the concrete sidewalk and steps were an alternate safe access route.

Respondent had a duty to provide patrons with a safe access to its building, but not a duty to maintain or close off all other possible access routes. As noted by this court three years after release of *Kantorowicz,* that case

does not, as appellant proposes, establish a general duty of landowners to maintain well worn paths on their premises in a safe condition on the basis of foreseeabil-

ity of use. This interpretation is disturbing in its potential impact on the duty of landowners, and unwarranted from the language of the case itself.

*McIlrath v. College of St. Catherine,* 399 N.W.2d 173, 174 (Minn.App.1987). Here, the asphalt slope was merely an alternative to the walk and steps. Respondent had no duty either to foresee that some patrons might choose it as an access route or to maintain it accordingly.

 2. Appellants also argue that since the municipal property on which Carolyn Strong fell abutted respondent's property, respondent had a duty to maintain it. We cannot agree. The duties of an abutting property owner are set forth in *Olson:*

Abutting property owners are liable for a sidewalk hazard only when it is caused at least partially by conditions they have created.

*Id.,* 380 N.W.2d at 560. There is no evidence to indicate that respondent created the hazard furnished by the wet leaves, which blew down every year in the autumn rains. Minnesota case law does not provide precedent for falls on wet leaves, but there are numerous cases of ice and snow which may be analogized.

Clearly, the abutting owners or occupants are not liable to pedestrians for injuries caused by stumbling or slipping on sidewalks which have become slippery and dangerous from *natural* (as distinguished from artificial) accumulations of ice and snow.

*Graalum,* 245 Minn. at 59, 71 N.W.2d at 908 (emphasis in original). This case goes on to furnish an exception to the rule:

[W]here an abutting owner or occupant makes an *extraordinary* use of a sidewalk for his own convenience, he owes a duty to the public to exercise due care in seeing that the affected portion of the sidewalk is maintained in a safe condition for the passage of pedestrians.

An extraordinary use of an adjacent sidewalk arises when * * * such use is not only for the personal convenience and benefit of the abutting occupant but is also of such a nature, in *kind* or in *degree,* that a condition is created which

interferes with, and is in derogation of, a normal use of the sidewalk by the public. *Id.*, 245 Minn. at 60–61, 71 N.W.2d at 908–09 (emphasis in original). Appellants argue that by providing parking across the street from its building, respondent was making an extraordinary use of the asphalt slope, since those going between the building and the parking lot would be likely to walk on the slope. Respondent counters that having its parking lot across the street benefited not respondent but a bank performing construction on the site of the adjacent parking lot, and more importantly, that a level sidewalk with steps was only a few feet from the building, and provided alternate access to it.

We find no merit in appellants' arguments regarding respondent's alleged extraordinary use of the subject property. Respondent never used the asphalt slope for either a driveway or a walkway. The only use respondent made of the slope was the occasional removal of snow or leaves. Such use did not create a liability for hazards from natural causes, *Bentson v. Berde's Food Center, Inc.*, 231 Minn. 451, 455–56, 44 N.W.2d 481, 483 (1950), and was not in derogation of the normal use of the nearby sidewalk or of the slope.

The trial court did not err in directing a verdict in favor of respondent. There is no evidence in the record to indicate that respondent created or contributed to any hazard on property owned by the City of Richfield, nor is there any evidence that respondent made extraordinary use of that property for its own benefit.

### DECISION

The trial court properly granted respondent's motion for directed verdict, because appellants' evidence failed to show that respondent had any duty to appellants in regard to property not owned by respondent.

Affirmed.