**INSITUFORM OF NORTH AMERICA, INC., et al., Plaintiffs,**

v.

**MIDWEST PIPELINERS, INC., et al., Defendants.**

**Civ. A. No. C–3–91–251.**

United States District Court, S.D. Ohio, W.D, at Dayton.

Nov. 29, 1991.

See also 780 F.Supp. 479.

Edwin M. Baranowski, Jonathan Hollingsworth, Juan Chardiet, Porter, Wright, Morris & Arthur, Dayton, Ohio, for plaintiffs.

Charles J. Faruki, Faruki, Gilliam & Ireland, Dayton, Ohio, Susan Knoll, Michael Amerson, Arnold, White & Durkee, Houston, Tex., for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO EXCLUDE EVIDENCE AND TO QUASH SUBPOENAS

MICHAEL R. MERZ, United States Magistrate Judge.

### DEFENDANTS' MOTION TO QUASH SUBPOENAS

This case is before the Court upon Defendants' Motion to Quash Subpoenas (Doc. # 37), filed and served November 27, 1991. Plaintiffs' counsel were given an opportunity to respond thereto during the final pretrial conference at 10:00 a.m. on November 29, 1991.

Plaintiff's subpoenas seek production at trial of the following:

1. The actual apparatus used by Defendants at the Oakwood project during July and August, 1990, as depicted in Defendant's Deposition Exhibit No. 4

2. The air motor brought back to the United States by Mr. Arthur G. Simcox or referred to in Simcox Deposition Exhibit No. 2

3. Air motors and all parts thereof used by Defendants in cutter apparatus with the unmodified exhaust.

(Subpoenas attached as Ex. A to Doc. # 37.)

Defendants' counsel represents that the actual apparatus as used on the Oakwood project is not the same device pictured in Defendant's Deposition Exhibit No. 4. Notwithstanding that point, Ms. Knoll further represents the actual assembled apparatus no longer exists in the configuration in which it was assembled in July and August, 1990. Ms. Knoll agreed to check to see if any parts of the apparatus as then assembled are available and not currently in use and will produce such parts if possible. The Court deems this sufficient compliance with ¶ 1 of the subpoena.

Ms. Knoll represents that the air motor referenced in ¶ 2 no longer exists. Upon

this representation, ¶ 2 of the subpoena is QUASHED.

As to ¶ 3, Ms. Knoll agrees to produce one such air motor and to stipulate that it is identical to all other cutter apparatus with the unmodified exhaust. The Court deems this adequate compliance with ¶ 3 of the subpoena; to the extent it seeks all such motors rather than an exemplar, ¶ 3 of the subpoena is QUASHED.

## DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF INSPECTION AND INTERVIEW

Defendants have also moved the Court to exclude the testimony of John Hale as it pertains to his observations at Defendants' Oakwood job site in August, 1990 (Doc. # 24).

The grounds of Defendants' Motion are that Mr. Hale is an attorney at law and his observations at the site were made in violation of Disciplinary Rule 7–104(A) of the Code of Professional Responsibility. That rule provides:

(A) During the course of his representation of a client a lawyer shall not: (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Mr. Hale was initially admitted to practice before this Court *pro hac vice* to be Plaintiffs' trial attorney in this action. He has since withdrawn from that capacity so that he can be a fact witness for Plaintiffs, in part as to the Defendants' Oakwood project. Plaintiffs do not dispute that at least in part they intend to have Mr. Hale testify to his observations at the Oakwood project, including what he heard Defendants' employees say. Neither party has been able to identify to the Court which of Defendants' employees Mr. Hale spoke to.

■ The ethical standards governing an attorney's conduct in federal conduct are a matter of federal law. *In re Snyder,* 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874, 2881 n. 6,

86 L.Ed.2d 504 (1985). This Court has adopted the Model Federal Rules of Disciplinary Enforcement. S.D.Ohio L.R. 83.-4(f). Those Rules in turn make applicable whatever code of professional conduct has been adopted by the highest court of the State in which the District Court sits, in this case, the Ohio Supreme Court. That court has adopted the ABA Code of Professional Responsibility, including DR 7–104(A) as set forth above.

■ Plaintiffs assert that this Court lacks authority to grant the requested relief for a violation of DR 7–104(A), arguing that sanctions applied in the regular course of disciplinary proceedings are the only appropriate sanctions for such a violation. This Court disagrees. The inherent power of federal courts to consider the ethical conduct of attorneys appearing before them and to sanction such conduct, including disqualifying the attorney, has long been recognized. Chief Justice Marshall affirmed that the power to disqualify was inherent in *Ex Parte Burr,* 22 U.S. (9 Wheat.) 529, 531, 6 L.Ed. 152 (1824), and the Sixth Circuit has recognized it consistently. *Manning v. Waring, Cox, James, Sklar & Allen,* 849 F.2d 222 (6th Cir.1988); *General Mill Supply Co. v. SCA Services, Inc.,* 697 F.2d 704 (6th Cir.1982). This Court itself has recently reaffirmed its power to disqualify for unethical conduct. *Kitchen v. Aristech Chemical,* 769 F.Supp. 254 (S.D. Ohio 1991) (Weber, J.). *See also, W.T. Grant Co. v. Haines,* 531 F.2d 671 (2d Cir.1976); *Papanicolaou v. Chase Manhattan Bank, N.A.,* 720 F.Supp. 1080 (S.D.N.Y.1989); *Amarin Plastics, Inc. v. Maryland Cup Corp.,* 116 F.R.D. 36, 39 (D.Mass.1987).

If a court may disqualify an attorney for conduct in violation of the Code of Professional Responsibility and thereby deny a client's choice of counsel, it may impose the lesser sanction of excluding evidence gathered in violation of the Code. Thus this Court has the power to grant the relief requested. *Omne majus continet in se minus.*

■ The authority cited by Plaintiffs to the contrary is not persuasive. In *Kanto-*

*rowicz v. VFW Post # 230*, 349 N.W.2d 597 (Minn.Ct.App.1984), the attorney who complained of the witness contact had essentially invited it and the court found any harm was minimal. *People v. Green*, 405 Mich. 273, 274 N.W.2d 448 (1979) is a criminal case in which a defendant sought to overturn his conviction which was based in part on statements he made to a detective, with an assistant prosecuting attorney present, that he insisted be given in the absence of his attorney; overturning a conviction is a drastic remedy and not necessary in the *Green* case to protect the client's right to counsel, the interest usually protected by DR 7–104(A). *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 510 N.E.2d 379 (1987), actually supports the exercise of the authority asserted here, since it recognizes the power and indeed obligation of a trial court to disqualify an attorney who becomes a witness unless there is some applicable exception under DR 5–102(A).

Plaintiffs are of course quite correct that Advisory Opinion 90–20 of the Ohio Board of Commissioners on Grievances and Discipline, on which Defendants rely, is just that, an advisory opinion. Since it is not binding on the Ohio Supreme Court, to whom the Board of Commissioners reports, it clearly is not binding on this Court. It is, however, a persuasive analysis of the interests to be protected under DR 7–104(A).

Nor is Mr. Hale's position helped much by the fact that the advisory opinion was issued about ten days after the conduct in question: the opinion merely crystallizes a position that, as is demonstrated by the authorities cited by Defendants, has been developing in the law.

■ With respect to any proposed testimony by Mr. Hale as to conversations with Defendants' employees, the Court finds the

Motion to Exclude to be well taken. On its face, DR 7–104(A) applies to communications with parties known to be represented by counsel. The evident purpose of the rule is to safeguard a party's right to counsel by preventing an opposing party from obtaining uncounseled admissions from a represented party. Wolfram, *Modern Legal Ethics*, § 11.6.2 (1986). Thus the rule should be applied to any corporate employee whose admissions are admissible against the employer as admissions of a party opponent under Fed.R.Evid. 801(d)(2)(D). *Pearce v. E.F. Hutton Group, Inc.*, 1987 U.S. Dist. LEXIS 13236 (D.D.C.1987).[1]

■ The relief will not be granted, however, as to any visual observations of Mr. Hale, as opposed to his aural observations of speech by Defendants' employees. DR 7–104(A) does not purport to regulate any such information gathering by an attorney. The only provision in the Code with respect to such conduct[2] is the exclusion of an attorney from occupying both roles as witness and trial attorney, and Mr. Hale has already removed himself from the latter capacity.

Plaintiffs' suggestions that Mr. Hale was not acting as a lawyer at the time of his inquiries are disingenuous in light of Plaintiffs' claims for protection of the attorney-client privilege for his later communications about these events.

Similarly, Plaintiffs' suggestion that Mr. Hale is not bound by this rule because he is not admitted to practice in Ohio is unavailing. Mr. Hale is admitted to practice in the District of Columbia and the Commonwealth of Virginia and there is no showing that these jurisdictions have not adopted DR 7–104(A) or the Model Rules of Professional Conduct cognate rule. More importantly, the question is not whether the Ohio Supreme Court would have jurisdiction

---

**1.** To the extent Mr. Hale's proposed testimony involves conversations with persons whose admissions are not admissible under Rule 801(d)(2)(D), it is unclear to the Court how the Plaintiffs proposed to introduce such matters in evidence, given the general rule against hearsay. There is some reference in Plaintiffs' motion papers to the present sense impression exception. Testimony by Mr. Hale which meets this

criterion and which is not within or offered as being within Rule 801(d)(2)(D) is not excluded by this ruling.

**2.** The Court is assuming here the truth of the representations made by Plaintiff's counsel that Mr. Hale's inspection was completely non-intrusive.

over Mr. Hale in a disciplinary proceeding arising out of his conduct. Rather, the question is what ethical standards will be applied by this Court with respect to the proposed testimony of an attorney-witness before it.

Finally, Plaintiffs' suggestion that Mr. Hale was bound to interview these witnesses in order to comply with Fed.R.Civ.P. 11 is not well taken. There are other methods available to counsel to ensure compliance with that rule; one need not violate the Code of Professional Responsibility to do so.

Accordingly, Defendants' Motion to Exclude is GRANTED as to any conversations between Mr. Hale and employees of Defendants whose statements would be admissible against Defendants, or either of them, under Fed.R.Evid. 801(d)(2)(D).