**Erma JOHNSON, Plaintiff**

v.

**OHIO DEPARTMENT OF YOUTH SERVICES, et al., Defendant**

No. 3:01CV7499.

United States District Court, N.D. Ohio, Western Division.

Dec. 3, 2002.

C. William Bair, Fan Zhang, Thomas G. Overley, Wagoner & Steinberg, Holland, OH, for Plaintiff.

Margaret Telb DiSalle, Office of the Attorney General State of Ohio, Richard N. Coglianese, Office of the Attorney General State of Ohio, Columbus, OH, for Defendants.

## ORDER

CARR, District Judge.

This is an employment discrimination case in which the plaintiff claims that she was demoted as a result of having filed a complaint against the defendant Ohio Department of Youth Services under the Fair Labor Standards Act, 29 U.S.C.A. § 201. Pending is defendants' motion for summary judgment. As part of her response to that motion, the plaintiff attached the affidavit of Joseph Parrish, formerly the Deputy Director of Finance and Planning for the defendant Department. That affidavit, in turn, has evoked a motion to strike on the basis that it was procured in violation of D.R. 7–104(A)(1) of the Code of Professional Responsibility.

For the reasons that follow, the motion to strike shall be overruled. Leave shall also be granted to the parties to take Mr. Parrish's deposition and thereafter to supplement their summary judgment briefs.

Mr. Parrish was Deputy Director of Finance and Planning from 1994 until September, 2001, when he was determined to be eligible for disability retirement. He has not worked since that retirement became effective.

While serving in his Deputy Director's position, Mr. Parrish was a member of the Department's executive staff and, in that capacity, would attend meetings with other management-level employees and officials. On occasion, confidential matters would be discussed with the Department's counsel.

The defendants claim that Mr. Parrish's affidavit must be stricken because, despite

his present status as a disability retiree, he retains reinstatement rights under O.R.C. § 145.362, whereby he can return to work automatically on a finding that he is capable of working. Thus, in defendants' view, Mr. Parrish is deemed merely to be on an unpaid leave of absence.

■ Disciplinary Rule 7–104(A)(1) states that during the course of representation of a client a lawyer shall not "communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." The Rule's proscriptions apply to contact with government employees, just as they apply to employees in the private sector. *Board of Comm'rs on Grievances & Discipline Op 92–007,* 1992 Ohio Griev. Discip. LEXIS 14 (1992). A government party is "an employee, public official or public body with authority to bind the government, to settle a litigable matter, or whose act or omission gave rise to the matter." *Id.* The bar against communication with a represented party safeguards the "right to counsel by preventing an opposing party from obtaining uncounseled admissions from a represented party." *Insituform of North America, Inc. v. Midwest Pipeliners, Inc.,* 139 F.R.D. 622, 625 (S.D.Ohio 1991).

■ Ex parte contact with a former employee is not, however, prohibited. *United States v. Beiersdorf–Jobst, Inc.,* 980 F.Supp. 257, 260–61 (N.D.Ohio 1997). The issue raised by defendants' motion to strike is, accordingly, whether Mr. Parrish is affiliated with the Department and remains such that he should be deemed to be a "party ... represented by a lawyer in [this] matter," as those terms are used in D.R. 7–104(A)(1). I conclude that he is not; therefore, the motion to strike shall be overruled because it was not improper

for plaintiff's attorney to have contacted Mr. Parrish or to have secured his affidavit.

Mr. Parrish is not on a leave of absence: he his retired due to disability. Though Ohio law may give him a right to return when and if his health is restored, there is nothing in the record that would indicate that either he or the Department has any present expectation, or is likely to develop a future expectation, that he will, in fact, someday be back at work.

Even if Mr. Parrish's continuing relationship were such that he could be viewed as a current employee (i.e., his absence from the office was temporary, and he and the Department expected that he would be returning in due course), D.R. 7–104(A)(1) does not prohibit plaintiff's counsel's contact with him. The Rule bars ex parte contact only with employees with "authority to bind the government [or] to settle a litigable matter" or whose "act or omission gave rise to the matter."

None of these circumstances exists. Nothing Mr. Parrish may say can bind the Department. He cannot settle this case. Nothing he did or failed to do is alleged to give rise to plaintiff's complaint. As in *Beiersdorf–Jobst,* "the underlying rationale behind the rule, *i.e.,* maintaining the integrity of the attorney-client relationship, is not undermined by allowing uncounseled interviews with former employees who have no existing relationship with, and therefore cannot bind, a represented corporation." 980 F.Supp. at 261.

Mr. Parrish appears, however, to have witnessed certain statements, acts, and events that make his proposed testimony relevant and material. Like privileges, other restrictions on access to information should not be interpreted, construed, or applied to impede discovery and disclosure of pertinent evidence, unless the interest protected by the restriction will be jeopardized. *Cf. In re Columbia/HCA Health-*

*care Corp. Billing Practices Litigation,* 293 F.3d 289, 293–94 (6th Cir.2002) (claims of attorney-client privilege are narrowly construed because the privilege reduces the amount of information discoverable during the course of a lawsuit; privilege will be upheld only where necessary to achieve its purpose). Absent a showing that Mr. Parrish is not only a current employee, but also can bind the Department by his statements, thereby placing its legitimate interests at risk, D.R. 7–104(A)(1) should not stand between him and plaintiff's counsel as he gathers evidence to support plaintiff's claim.

To the extent that the Department seeks to strike Mr. Parrish's affidavit, or otherwise bar his testimony on the basis of concerns about disclosure of confidential attorney-client communications, those concerns can be addressed in response to particular questions or lines of inquiry. In any event, the defendants have not suggested that the present affidavit references information covered by that privilege.

I conclude, accordingly, that there was nothing improper about the contact by plaintiff's attorney with Mr. Parrish or the procuring of his affidavit. The defendants' motion to strike that affidavit will be overruled.

 In their motion for summary judgment the defendants contend that the affidavit should be disregarded because some of its most pertinent assertions are conclusory. I tend to agree; on the other hand, the nature of Mr. Parrish's statements is such that I am reluctant to disregard those statements and possibly grant summary judgment in the defendants' favor without giving the parties an opportunity to develop his testimony in a more extensive and formal manner and to supplement their briefs. Thus leave shall be granted sua sponte to the parties to depose Mr. Parrish and to supplement their briefs. So that the trial of this cause shall not be postponed further, the deposition shall be taken and the supplemental briefs shall be filed concurrently on or before January 15, 2003. At that time the motion for summary judgment shall be deemed decisional.

It is, therefore,

ORDERED THAT:

1. Defendants' motion to strike affidavit of Joseph Parrish be, and the same hereby is overruled; and

2. Parties concurrently to file supplemental briefs re. pending summary judgment motion on or before January 15, 2003.

So ordered.